1  DARREL J. HIEBER (CA Bar No. 100857)
   DANIEL M. RYGORSKY (CA Bar No. 229988)
2  SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
   300 South Grand Avenue
3  Los Angeles, California 90071-3144
   Telephone: (213) 687-5000
4  Facsimile: (213) 687-5600
   darrel.hieber@skadden.com
5  daniel.rygorsky@skadden.com

6  Attorneys for Defendant Pfizer Inc

7

8                    UNITED STATES DISTRICT COURT

9                FOR THE SOUTHERN DISTRICT OF CALIFORNIA

10

11 TED EUGENE LAYTON,              )  Case No. 10-cv-02380-JAH-WMC
                                   )
12              Plaintiff,         )
                                   )  **DEFENDANT PFIZER INC.'S REPLY**
13 vs.                             )  **MEMORANDUM IN FURTHER**
                                   )  **SUPPORT OF ITS MOTION TO**
14                                 )  **DISMISS**
   PFIZER, INC.,                   )
15                                 )  Date: TBD
                Defendant.         )  Time: TBD
16                                 )  Judge: John A. Houston
                                   )
17

Defendant Pfizer Inc ("Pfizer") respectfully submits this Reply Memorandum in Further Support of its Motion to Dismiss Plaintiff Ted Eugene Layton's Complaint.

## PRELIMINARY STATEMENT

On February 8, 2011, this Court entered an Order vacating the February 14, 2011 hearing on Pfizer's motion to dismiss, deeming it suitable for adjudication without oral argument. (*See* Order Vacating Hearing [6].) Six days later, Plaintiff finally decided to respond to Pfizer's motion to dismiss, which was filed on November 29, 2010, with a handwritten statement declaring little more than that he opposes Pfizer's motion. (*See* [8] at ECF 1.)[1] As part of his motion, Plaintiff further requests that this case be remanded back to the Superior Court of California. (*See id.* at ECF 2.)[2]

Plaintiff's opposition motion, which violates numerous local rules (*See* Notice of Document Discrepancies [7]), fails to respond to the arguments made in Pfizer's motion to dismiss. The fact remains that Plaintiff's Complaint fails to plead sufficient facts to state a claim for negligent failure to warn against Pfizer. Furthermore, nothing in Plaintiff's Complaint or written opposition even remotely suggests that he could further amend his pleadings to properly state a claim against Pfizer. Therefore, Plaintiff's Complaint should be dismissed with prejudice.

## ARGUMENT

**I.   PLAINTIFF'S COMPLAINT FAILS TO STATE A CLAIM FOR NEGLGIENT FAILURE TO WARN AND SHOULD BE DISMISSED WITH PREJUDICE**

---

[1] Plaintiff's purported opposition motion is untimely. *See* Civil Local Rule 7.1(e)(2) ("[E]ach party opposing a motion . . . must file that opposition . . . with the clerk and serve the movant or the movant's attorney ***not later than fourteen (14) calendar days prior to the noticed hearing***.") (emphasis added). The initial hearing was scheduled for February 14, 2011 and Plaintiff did not file his opposition motion until that same day. Accordingly, Pfizer's motion to dismiss should be granted on this basis alone. *See* Civil Local Rule 7.1(f)(3)(c) ("If an opposing party fails to file the papers in the manner required by Civil Local Rule 7.1.e.2, that failure may constitute a consent to the granting of a motion or other request for ruling by the court.").

[2] To the extent Plaintiff requests that this case be remanded back to the Superior Court of California, such request is untimely. *See* 28 U.S.C. § 1447(c) ("A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made ***within 30 days after the filing of the notice of removal*** under section 1446(a).") (emphasis added). Pfizer's Notice of Removal was filed on November 18, 2010. Plaintiff's request for remand was not made until February 14, 2011, nearly three months later.

As explained in Pfizer's motion to dismiss, Plaintiff's Complaint fails to plead sufficient facts to state a claim for negligent failure to warn against Pfizer. ***First***, Plaintiff has not pled sufficient facts to establish that Pfizer owed his wife a duty of care because his Complaint does not allege any facts about Plaintiff's wife's prescribing physicians. This omission is fatal to Plaintiff's claim because it is well-settled that, under the learned intermediary doctrine, a drug manufacturer's duty to warn ***runs to the physician, not the patient***. See Motus v. Pfizer Inc., 196 F. Supp. 2d 984, 990-91 (C.D. Cal. 2001) (applying California law) (emphasis added) (citation omitted), *aff'd*, 358 F.3d 659 (9th Cir. 2004). ***Second***, Plaintiff has failed to allege sufficient facts to establish causation because Plaintiff has not alleged, as he must, that his wife's prescribing physicians read or relied upon Pfizer's supposedly inadequate warning, or that the inclusion of an adequate warning would have changed Mrs. Layton's physicians' decision to prescribe Geodon. *See id.* at 991, 995-96.

Plaintiff's opposition, however, does not address either of these deficiencies as required by the local civil rules. *See* Local Civil Rule 7.1(f)(3)(b) ("The opposition ***must contain*** a brief and complete statement of all reasons in opposition to the position taken by the movant . . .") (emphasis added). Instead, Plaintiff merely makes conclusory statements similar to those found in his Complaint. Such conclusory statements are insufficient to withstand dismissal. *See Caviness v. Horizon Cmty. Learning Ctr., Inc.*, 590 F.3d 806, 812 (9th Cir. 2010).

Moreover, Plaintiff has given no indication that he can allege facts that would cure the defects outlined above and in Pfizer's motion to dismiss. Because nothing in Plaintiff's Complaint or written opposition suggests that he could cure the deficiencies in his pleadings, his Complaint should be dismissed with prejudice. *See, e.g., Gallegos v. Quantum Servicing Corp.*, No. 10CV175 DMS (NLS), 2010 WL 2464831, at *2 (S.D. Cal. Jun. 14, 2010); *see also Pernell v. BAC Home Loans Servicing, LP*, No. 2:09-cv-03561 FCD KJN PS, 2011 WL 318539, at *4-5, 7, 9 (E.D. Cal. Feb. 1, 2011); *Sanchez v. Mortgageit, Inc.*, No. C 10-4146 PJH, 2011 U.S. Dist. LEXIS 13142, at *7, 10 (N.D. Cal. Feb. 10, 2011).

In sum, because Plaintiff has failed to adequately respond to Pfizer's motion to dismiss, and because he has failed to show that he could further amend his pleading in order to properly state a claim against Pfizer, Plaintiff's Complaint should be dismissed with prejudice.

## CONCLUSION

For all of the foregoing reasons, Pfizer respectfully requests that this Court dismiss the Complaint in its entirety with prejudice.

Dated: February 18, 2011

/s/ Darrel J. Hieber
Darrel J. Hieber
darrel.hieber@skadden.com
Cal. Bar No. 100857
SKADDEN, SRPS, SLATE,
  MEAGHER & FLOM LLP
300 South Grand Avenue
Los Angeles, CA 90071
Telephone: (213) 687-5000
Facsimile: (213) 687-5600

Attorneys for Defendant Pfizer Inc

**PROOF OF SERVICE**
**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 300 South Grand Avenue, Suite 3400, Los Angeles, California 90071

On February 18, 2011, I served the foregoing documents described as:

**DEFENDANT PFIZER INC.'S REPLY MEMORANDUM IN FURTHER SUPPORT OF ITS MOTION TO DISMISS**

on the interested party in this action by placing true copies thereon enclosed in a sealed envelope addressed as follows:

Ted Eugene Layton
616 Maple Ave.
Holtville, CA 92250

☒ (BY MAIL) I am readily familiar with the firm's practice for the collection and processing of correspondence for mailing with the United States Postal Service and the fact that the correspondence would be deposited with the United States Postal Service that same day in the ordinary course of business; on this date, the above-referenced correspondence was placed for deposit at Los Angeles, California and placed for collection and mailing following ordinary business practices.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the above is true and correct.

Executed on February 18, 2011, at Los Angeles, California.

Eunice L. Bautista
PRINT NAME                                    SIGNATURE

---

1
PROOF OF SERVICE