|    |    |
|----|----|
| TED EUGENE LAYTON,         Plaintiff,<br>v.<br>PFIZER, INC.,         Defendants. | Civil No.10cv2380 JAH (WMc)<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS [Doc. No. 5]** |

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

Pending before the Court is Defendant Pfizer, Inc.'s motion to dismiss the complaint for failure to state a claim upon which relief may be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (Doc. No. 5). Plaintiff filed an opposition and Defendant filed a reply. After a careful review of the parties' submissions and the pleadings in this matter, this Court **GRANTS** Defendant's motion to dismiss.

## BACKGROUND

Plaintiff originally filed a complaint in the Superior Court of California, County of Imperial, on October 7, 2010, seeking $100,000 in damages for wrongful death against Defendant Pfizer. See Doc. No. 1. He alleges his wife's prolonged use of the drug Geodon caused diabetes resulting in extreme hyperglycemia, diabetic coma and her death on June 20, 2009. He further alleges she was proscribed Geodon from 2001 through 2002 and from 2002 through 2009, and was unaware it could cause diabetes and hyperglycemia. Defendant removed the action to federal court on November 18, 2010. See id.

On November 29, 2010, Defendant filed the pending motion to dismiss. The

1 motion was set for hearing on February 14, 2011, but was taken under submission without
2 oral argument. On February 14, 2011, Plaintiff lodge an untimely opposition which this
3 Court accepted and filed *non pro tunc* to the date received. Defendant filed a reply on
4 February 18, 2011.

## DISCUSSION

6 Defendant seeks dismissal of the action for failure to state a claim pursuant to Rule
7 12(b)(6) of the Federal Rules of Civil Procedure. Specifically, Defendant argues Plaintiff
8 fails to allege sufficient facts to establish Pfizer owed his wife a duty of care, and fails to
9 allege facts to support causation to assert a claim of negligent failure to warn.

10 Defendant argues it did not owe a legal duty of care to Plaintiff's wife pursuant to
11 the "learned intermediary" doctrine. Under this doctrine, the manufacturer of a drug
12 fulfills its duty to warn by providing the physician with the possible side effects of drugs.
13 See Brown v. Superior Court, 44 Cal.3d 1049, 1061 (1988); Carlin v. Superior Court, 13
14 Cal.4th 1104, 1354 (1996). If the manufacturer provides the physician an adequate
15 warning, it has no duty to insure the physician provides the warning to his or her patient.
16 See Stevens v. Parke, Davis & Co., 9 Cal.3d 51, 65 (1973).

17 In the complaint, Plaintiff alleges he and his deceased wife were not aware diabetes
18 and hyperglycemia were possible side effects of the drug Geodon. There are no allegations
19 regarding the warning provided to or whether any warning was provided to Plaintiff's
20 doctor. Plaintiff fails to sufficiently allege Defendant breached its duty to warn Plaintiff's
21 wife's doctor of possible side effects of the drug. In addition, the complete lack of
22 allegations regarding Pfizer's warning to the doctor prevents Plaintiff from sufficiently
23 alleging causation in support of his claim. Accordingly, Plaintiff fails to state a claim.

24 Defendant seeks dismissal of the complaint with prejudice. However, the Court is
25 not convinced Plaintiff cannot sufficiently plead facts to state a claim and will, therefore,
26 dismiss the complaint without prejudice.
27 //
28 //

**CONCLUSION AND ORDER**

Based on the foregoing, IT IS HEREBY ORDERED:

1. Defendant's motion to dismiss (Doc. No. 5) is **GRANTED**;
2. The complaint is **DISMISSED without prejudice**.

DATED: July 21, 2011

*/s/ John A. Houston*

JOHN A. HOUSTON
United States District Judge